UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE SILVA, | Case No.:12-CV-05347-LHK |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR STAY |
| v. | |
| TEKSYSTEMS, INC., | |
| Defendant. | |

Before the Court is Defendant TEKsystems, Inc.'s Administrative Motion to Stay Proceedings filed on June 14, 2013, ECF No. 20 ("Mot. to Stay"). Plaintiff's Opposition to Motion to Stay was filed on June 17, 2013, ECF No. 21, ("Opp'n to Stay"). On June 21, 2013, the Court ordered Defendant to file supplemental briefing. ECF No. 22. On June 27, 2013, Defendant filed its Supplemental Brief. ECF No. 23 ("Defendant's Supplemental Stay Brief"). On June 28, 2013, Plaintiff filed an additional supplemental brief, ECF No. 24 ("Plaintiff's Supplemental Stay Brief"), to which Defendant filed an additional reply, ECF No. 25.

The Motion to Stay seeks to stay proceedings in this action pending a ruling on Defendant's Motion for Terminating, Evidentiary and Monetary Sanctions and to Disqualify Plaintiff's Counsel, ECF No. 15 ("Sanctions Mot."). The Sanctions Motion has been fully briefed, and is set for hearing on July 25, 2013. *See* Sanctions Mot.; Plaintiff's Opposition to Sanctions Motion, ECF

1

Case No.: 12-CV-05347-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SANCTIONS; GRANTING IN PART AND DENYING IN PART MOTION FOR STAY

No. 18 ("Opp'n to Sanctions"); Defendant's Reply in Support of Sanctions Motion, ECF No. 19 ("Sanctions Reply").

For the reasons stated below, the Court GRANTS in part and DENIES in part the Motion to Stay, in light of its tentative ruling to deny terminating and disqualifying sanctions and to grant limited evidentiary and monetary sanctions.

### 1. Background

It is undisputed that Plaintiff made a recording of his conversation with his former supervisors (Defendant's employees), without the knowledge of his supervisors (the "disputed recording"). *See* Sanctions Mot. at 1. It is also undisputed that Plaintiff's counsel failed to produce the disputed recording in initial disclosures or in response to discovery requests until May of 2013, and affirmatively misrepresented that Plaintiff had produced all material responsive to Defendant's discovery requests. *See id.* Defendant contends, and Plaintiff does not dispute, that conversations between Plaintiff and his supervisors are a "critical part" of Plaintiff's case, in which Plaintiff seeks compensation for work he allegedly performed off-the-clock for Defendant. *Id.*

Plaintiff's counsel initially represented that he did not identify the disputed recording in Plaintiff's disclosures because Plaintiff's counsel intended to use the disputed recording only for impeachment, and did not produce it in response to discovery requests because he wanted to first get the supervisors' testimony about whether the recorded meeting was intended to be confidential. ECF No. 15-1, Decl. of Michael S. Kun in Support of Sanctions Mot. ("Kun Decl."), Exh. 21. Plaintiff's counsel acknowledges that if the recorded meeting had been confidential, Plaintiff could be subject to both criminal and civil liability for making the recording without his former supervisors' knowledge or consent. Opp'n to Sanctions at 5.

Later, Plaintiff's counsel represented that he was unaware of the disputed recording until shortly after seeking Plaintiff's initial disclosures on January 8, 2013, and chose not to disclose the disputed recording until May 8, 2013, after deposing the recorded former supervisors and determining whether disclosure of the recording risked subjecting Plaintiff to civil or criminal liability. *See* Opp'n to Sanctions at 5 (citing Decl. of Robert S. Nelson in Opposition to Sanctions

2

Case No.: 12-CV-05347-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SANCTIONS; GRANTING IN PART AND DENYING IN PART MOTION FOR STAY

Motion ("Nelson Sanctions Decl.") ¶ 3); Opp'n to Sanctions at 8.  Defendant states that it did not receive the disputed recording until May 14, 2013.  Sanctions Mot. at 7.

In response to this conduct, Defendant's pending Sanctions Motion seeks terminating, disqualifying, evidentiary, and monetary sanctions.  Tentatively, the Court intends to GRANT in part and DENY in part Defendant's Sanctions Motion.  The Court does not find that the current record supports the imposition of terminating sanctions, in light of the availability of less drastic sanctions that can sufficiently address the prejudice suffered by Defendant.  *See Leon v. IDX Systems Cor.*, 464 F.3d 951, 958 (9th Cir. 2006) (citing *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995) (articulating the five factors a court should consider in assessing the propriety of dismissal: (1) the public's interest in expeditious resolution of litigation; (2) courts' needs to manage their own dockets; (3) the risk of prejudice; (4) the public policy of favoring disposition of cases on the merits; and (5) the availability of less drastic sanctions). Defendant represents that it has been prejudiced by Plaintiff's conduct because, if Plaintiff had timely disclosed the disputed recording, Defendant would have "immediately sought to conduct discovery on the recording and attempted to determine if there were other records," and "deposed Plaintiff immediately . . . before Plaintiff had much time to concoct a tale about this recording or others that he made."  Supplemental Brief at 4.  Defendant also represents that it would have propounded different discovery and conducted witness interviews differently.  *Id.*  However, the Court does not find the delay from January to May of 2013 is sufficiently prejudicial to warrant terminating the case, given that discovery is not scheduled to close until August 29, 2103, and finds that the less drastic evidentiary and monetary sanctions suggested above will sufficiently address the prejudice suffered by Defendant, while allowing the case to proceed to a disposition on the merits.

Similarly, the Court does not find disqualification of counsel merited at this point.  *See Space Sys./Loral v. Martin Marietta Corp.*, No. 95-20122 SW, 1995 WL 686369 (N.D. Cal. Nov. 15, 1995) (urging extreme caution in disqualifying counsel).  However, the Court may revisit this determination if Plaintiff's counsel engages in further misconduct.

Case No.: 12-CV-05347-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SANCTIONS; GRANTING IN PART AND DENYING IN PART MOTION FOR STAY

Rather than terminating the case or disqualifying counsel, the Court will likely strike the deposition testimony of Messrs. Randazzo and Hughes, and order Plaintiff to pay defense counsel's fees and costs for preparation and defense of Messrs. Randazzo and Hughes for the stricken depositions. The Court will likely limit the use of the disputed recording to impeachment purposes only.

## 2. Ruling on Motion to Stay

Generally, a party carries a heavy burden of making a "strong showing" why discovery should be stayed. *See Buckwalter v. Nevada Bd. of Med. Examiners*, No. 10-CV-02034-KJD, 2011 WL 841391 (D. Nev. Mar. 7, 2011) (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975)).[1] Defendant cites no authority in support of its Motion to Stay, but rather recites its arguments that terminating and disqualifying sanctions should be imposed. Because this case will likely proceed with current counsel, and fact discovery is scheduled to close on August 29, 2013, the Court finds that a full stay of discovery would only exacerbate the delays caused by Plaintiff's misconduct. Nonetheless, the Court finds a more limited stay is warranted with respect to the disputed recording that is the subject of the pending Sanctions Motion. Accordingly, the Court GRANTS Defendant's Motion to Stay all of Plaintiff's discovery regarding the disputed recording, but DENIES Defendant's Motion to Stay in all other respects.

### A. Scope of Stayed Discovery

In opposing Defendant's Motion to Stay, Plaintiff represented to the Court that none of the pending discovery requests "have anything to do with the recording," and that the discovery Defendant seeks to stay consists of "only one interrogatory and two requests for production of documents ('RFPs')". Opp'n to Stay at 2 (citing Decl. of Robert S. Nelson in Opp'n to Mot. to Stay ("Nelson Stay Decl.") at ¶ 3, Exhs. 1 & 2 to Nelson Stay Decl.) Specifically, Plaintiff represented that the one interrogatory seeks contact information for Plaintiff's former co-workers at Cisco, and the RFPs seek time records for Plaintiff's co-workers, as well as contracts between

---

[1] "Because a motion to stay discovery is tantamount to a request for a protective order prohibiting or limiting discovery pursuant to Fed. R. Civ. P. 26 (c)(2), a motion to stay discovery may be granted pursuant to Fed. R. Civ. P. 26(c)(2), but the moving party bears the burden of showing good cause and reasonableness." 10A Fed. Proc. L. Ed. § 26:334.

4

Case No.: 12-CV-05347-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SANCTIONS; GRANTING IN PART AND DENYING IN PART MOTION FOR STAY

Cisco and Defendant. Opp'n to Stay at 2 (citing Nelson Stay Decl. Exh. 2, RFPs 21 & 22). However, Defendant has represented to the Court that Plaintiff actually served five interrogatories, including two that Defendant alleges "relate specifically to the disputed recording." Supplemental Brief at 1 (quoting Plaintiff's Interrogatory No. 4 and Interrogatory No. 5).

The Court is troubled by the conduct of Plaintiff and Plaintiff's counsel in failing to produce the disputed recording, and by what appear to be misrepresentations to Defendant and to the Court.[2] Plaintiff's counsel is on notice that any further misrepresentations or misconduct may be grounds for disqualification of counsel and termination of the case.

Defendant identifies two interrogatories relating to the disputed recording. Interrogatory No. 4 specifically asks "Do YOU contend that the RECORDING did accurately record statements by Tim Hughes and Brandon Randazzo" and then requests further clarification. *See* Supplemental Brief at 1, and Exh. A. Additionally, Interrogatory No. 5 specifically references the meeting that is the subject of the disputed recording. *See id.* ("INTERROGATORY NO. 5: Did Tim Hughes tell Plaintiff Jose Silva during the MEETING that Plaintiff should submit timecards to YOU showing that Plaintiff worked 120 hours while he was on vacation in Venezuela for three weeks in late 2010 and early 2011?") Accordingly, discovery shall be stayed with respect to both interrogatories, pending the Court's final ruling on the Sanctions Motion.

Defendant also raises concern about Plaintiff's first interrogatory, which requests the identity of all of Defendant's employees who worked at Cisco between December 2009 and May 2012, as well as about Plaintiff's request for production requesting time sheets for such employees. The Court does not find this interrogatory sufficiently related to the disputed recording to warrant a stay. To the extent that Defendant seeks to challenge the propriety of Plaintiff's discovery requests

---

[2] In Plaintiff's Supplemental Stay Brief, Plaintiff's counsel represented to the Court that the Opposition to Stay omitted reference to interrogatories 1 through 4 because Defendant did not explicitly reference them in the Motion to Stay. Plaintiff's Supplemental Stay Brief at 1. However, Defendant's Motion to Stay explicitly sought to stay "all proceedings . . . with the exception of Defendant's pending discovery aimed at determining whether Plaintiff and Nelson have concealed or destroyed other recordings." Mot. to Stay at 5. The Court does not find that Plaintiff's counsel has sufficiently justified its representation that "[n]one of the discovery requests have anything to do with the recording." Opp'n to Stay at 2. Plaintiff's counsel's misrepresentations further diminish Plaintiff's counsel's credibility.

on other bases, such challenges should be raised before Magistrate Judge Howard R. Lloyd.

### B. Plaintiff's Discovery Responses

The Court emphasizes that Defendant's discovery is not stayed, and ORDERS Plaintiff to respond promptly to all of Defendant's discovery requests, including those related to the disputed recording. The Court is concerned that in response to document requests seeking recordings Plaintiff made of conversations with Defendant's employees, Plaintiff responded that he "has been unable to locate any non-privileged documents." Defendant's Supplemental Brief, ECF No. 23, at 3 and Exh. B. Accordingly, the Court ORDERS Plaintiff to produce an updated and complete privilege log to Defendant, if Plaintiff has not already done so, by July 10, 2013.

### 3. Meet and Confer Obligation

In light of this Order, the parties shall meet and confer by July 10, 2013, to attempt to resolve the pending Sanctions Motion without Court intervention. The parties shall file a status report on the results of their meet and confer effort by July 12, 2013.

**IT IS SO ORDERED.**

Dated: July 8, 2013

_Lucy H. Koh_
LUCY H. KOH
United States District Judge