UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE SILVA, ) | Case No.:12-CV-05347-LHK |
| ) | |
| Plaintiff, ) | ORDER GRANTING IN PART AND |
| v. ) | DENYING IN PART DEFENDANT'S |
| ) | MOTION FOR SANCTIONS |
| TEKSYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

Currently before the Court is Defendant TEKsystems, Inc.'s Motion for Terminating, Evidentiary and Monetary Sanctions and to Disqualify Plaintiff's Counsel. ECF No. 15 (the "Sanctions Motion"). A hearing was held on July 25, 2013 (the "July 25 hearing"). Having considered the parties' submissions, the relevant law, and the arguments of the parties, the Court hereby GRANTS in part and DENIES in part Defendant's Sanctions Motion.

**1.      Background of the Instant Motion**

Defendant filed the Sanctions Motion on May 20, 2013. Plaintiff filed an Opposition on June 3, 2013, ECF No. 18 ("Opposition"), and Defendant filed a Reply on June 10, 2013, ECF No. 19 ("Reply"). While the Sanctions Motion was pending, Defendant filed a Motion to Stay Proceedings on June 14, 2013. ECF No. 20 ("Motion to Stay"). Plaintiff filed an Opposition to the Motion to Stay on June 17, 2013. ECF No. 21. On June 27, 2013, Defendant filed a Supplemental

Brief in Support of the Motion to Stay ("Defendant's Supplemental Stay Brief"). On June 28, 2013, Plaintiff filed an additional supplemental brief, ECF No. 24 ("Plaintiff's Supplemental Stay Brief"), to which Defendant filed an additional reply, ECF No. 25. On July 8, 2013, the Court granted a partial stay of discovery, and issued its tentative rulings on the Sanctions Motion. *See* ECF No. 26. ("Stay Order"). The Court ordered the parties to meet and confer in light of the Court's tentative ruling, and to file a status report on the results of their meet and confer effort. *See id.* at 6. On July 12, 2013, Defendant filed a Status Report, ECF No. 29 ("Defendant's Status Report"), and Plaintiff filed a Status Report, ECF No. 30 ("Plaintiff's Status Report."). On July 25, 2013, Defendant filed a Supplemental Sanctions Brief. ECF No. 31 ("Supplemental Sanctions Brief").

This extensive briefing reveals that it is undisputed that Plaintiff made a recording of his conversation with his former supervisors (Defendant's employees), without the knowledge of these supervisors (the "disputed recording"). *See* Sanctions Mot. at 1. It is also undisputed that Plaintiff's counsel failed to produce the disputed recording in initial disclosures or in response to discovery requests until May of 2013, and affirmatively misrepresented that Plaintiff had produced all material responsive to Defendant's discovery requests. *See id.* Defendant contends, and Plaintiff does not dispute, that conversations between Plaintiff and his supervisors are a "critical part" of Plaintiff's case, in which Plaintiff seeks compensation for work he allegedly performed off-the-clock for Defendant. *Id.*

Plaintiff's counsel initially represented that he did not identify the disputed recording in Plaintiff's disclosures because Plaintiff's counsel intended to use the disputed recording only for impeachment, and did not produce it in response to discovery requests because he wanted to first get the supervisors' testimony about whether the recorded meeting was intended to be confidential. ECF No. 15-1, Decl. of Michael S. Kun in Support of Sanctions Mot. ("Kun Decl."), Exh. 21. Plaintiff's counsel acknowledges that if the recorded meeting had been confidential, Plaintiff could be subject to both criminal and civil liability for making the recording without his former supervisors' knowledge or consent. Opp'n to Sanctions at 5.

Later, Plaintiff's counsel represented that he was unaware of the disputed recording until

2

shortly after seeking Plaintiff's initial disclosures on January 8, 2013, and chose not to disclose the disputed recording until May 8, 2013, after deposing the recorded former supervisors and determining whether disclosure of the recording risked subjecting Plaintiff to civil or criminal liability.  *See* Opp'n to Sanctions at 5 (citing Decl. of Robert S. Nelson in Opposition to Sanctions Mot. ("Nelson Sanctions Decl.") ¶ 3); Opp'n to Sanctions at 8.  Defendant states that it did not receive the disputed recording until May 14, 2013.  Sanctions Mot. at 7.

### 2. The Court DENIES Terminating Sanctions

As noted in the Court's Stay Order, the Court does not find that the current record supports the imposition of terminating sanctions, in light of the availability of less drastic sanctions that can sufficiently address the prejudice suffered by Defendant.  *See Leon v. IDX Systems Cor.*, 464 F.3d 951, 958 (9th Cir. 2006) (citing *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995) (articulating the five factors a court should consider in assessing the propriety of dismissal: (1) the public's interest in expeditious resolution of litigation; (2) courts' needs to manage their own dockets; (3) the risk of prejudice; (4) the public policy of favoring disposition of cases on the merits; and (5) the availability of less drastic sanctions).[1]

Defendant represents that it has been prejudiced by Plaintiff's conduct because, if Plaintiff had timely disclosed the disputed recording, Defendant would have "immediately sought to conduct discovery on the recording and attempted to determine if there were other records," and "deposed Plaintiff immediately . . . before Plaintiff had much time to concoct a tale about this recording or others that he made."  Defendant's Supplemental Brief at 4.  Defendant also represents that it would have propounded different discovery and conducted witness interviews differently.  *Id.*

As indicated in the Stay Order, the Court does not find the delay from January to May of

---

[1] The cases relied on by Defendant in support of its motion for terminating sanctions involve significantly more egregious conduct.  *See, e.g.*, *Combs v. Rockwell Int'l Corp.*, 927 F.2d 486, 488 (9th Cir. 1991) (granting terminating sanctions when plaintiff's counsel altered the substance of plaintiff's testimony in a deposition transcript); *Valley Engineers Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1053-54 (9th Cir. 1998) (granting terminating sanctions when defendant's attorneys failed to produce a crucial piece of evidence that was responsive to a request for production for over three years, violated court orders by failing to produce it for two years, and warnings and monetary sanctions had proved ineffective).

3

Case No.: 12-CV-05347-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SANCTIONS

2013 is sufficiently prejudicial to warrant terminating the case, given that discovery is not scheduled to close until August 29, 2013. The Court also finds that the less drastic evidentiary and monetary sanctions ordered below will sufficiently address the prejudice suffered by Defendant, while allowing the case to proceed to a disposition on the merits.

### 3. The Court DENIES Disqualifying Sanctions

Similarly, as indicated in the Stay Order, the Court does not find disqualification of counsel merited at this point. While the Court's "paramount" concern in considering a motion to disqualify should be "the preservation of public trust in the scrupulous administration of justice and the integrity of the bar[, . . .] disqualification is a drastic course of action that should not be taken simply out of hypersensitivity to ethical nuances or the appearance of impropriety." *DeLuca v. State Fish Co., Inc.*, 217 Cal. App. 4th 671 (2013) (quoting *Roush v. Seagate Technology, LLC*, 150 Cal. App. 4th 210, 218–219 (2007)). Because of their susceptibility to tactical abuse, "[m]otions to disqualify counsel are strongly disfavored." *See Visa U.S.A., Inc. v. First Data Corp.*, 241 F. Supp. 2d 1100, 1104 (N.D. Cal. 2003).

In this case, Plaintiff's counsel argues that disqualification would delay resolution and possibly derail the case if Plaintiff is unable to find new counsel. Opp'n to Sanctions at 10. As indicated in the Stay Order, the Court does not find Plaintiff's counsel's conduct sufficiently egregious to warrant such a result. *See* Stay Order at 3. Rather, as discussed below, the Court finds that less drastic sanctions can adequately remedy the harm caused by Plaintiff's counsel's misconduct.

### 4. The Court GRANTS in part and DENIES in part Defendant's Motion for Evidentiary and Monetary Sanctions

The Court finds that evidentiary and monetary sanctions pursuant to Federal Rule of Civil Procedure 26(g) ("Rule 26(g)") provide the appropriate remedy in the instant case. Rule 26(g) requires that every discovery response be signed by an attorney, and specifies that the attorney's signature "certifies that to the best of the [person's] knowledge, information, and belief formed after a reasonable inquiry" that the response is complete and correct. *See R & R Sails Inc. v. Ins. Co. of State of PA*, 251 F.R.D. 520, 525 (S.D. Cal. 2008) (quoting Fed. R. Civ. P. 26(g)). Rule

26(g)(3) specifically provides that "if a certification violates this rule without substantial justification, the court . . . must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation."

Plaintiff's counsel does not contest that he failed to supplement Plaintiff's initial disclosures once Plaintiff's counsel learned of the disputed recording. Nor does he contest that he signed and served responses to document requests stating that all responsive documents had been produced, while withholding the disputed recording (which would have been responsive to the requests).

Rather, Plaintiff contends that he was not obligated to supplement his initial disclosures because he planned to use the recording solely to impeach Messrs. Randazzo and Hughes at trial. Opp'n at 11. However, because the content of the disputed recording is central to Plaintiff's case, this cannot justify Plaintiff's failure to comply with his discovery obligations. *See Robert Kubicek Architects & Associates, Inc. v. Bosley*, No. 11-01945, 2013 WL 998222 (D. Ariz. Mar. 13, 2013) ("If [a] document has independent relevancy to the merits of the case, the document is not 'solely for impeachment' and must be disclosed to opposing counsel.") (citing *Klonoski v. Mahlab*, 156 F.3d 255, 270 (1st Cir. 1998)). Moreover, Plaintiff's explanation for his failure to disclose the disputed recording was his desire to depose Messrs. Randazzo and Hughes before they knew of the existence of the recording. *See* Opp'n at 14; Decl. of Michael S. Kun in Support of Motion, Ex. 21.

The Court finds Plaintiff has failed to present a substantial justification for his failure to comply with Rule 26(g), and GRANTS in part Defendant's request for monetary and evidentiary sanctions. Because Plaintiff's misconduct denied Messrs. Randazzo and Hughes an opportunity to properly prepare for their depositions, the Court determines that the appropriate sanction for Plaintiff's misconduct is to strike their deposition testimony in its entirety, including for impeachment purposes. Plaintiff suggests that the entire depositions need not be struck, because parts of the testimony "involved material issues not in any way related to the recording," such as "how much off-the-clock overtime Plaintiff worked," and "whether Defendant made any effort to prevent Plaintiff from continuing to work off-the-clock." Plaintiff's Status Report at 4. However,

the Court finds that these issues overlap substantially with the content of the disputed recording, in which Messrs. Randazzo and Hughes discuss with Plaintiff his off-the-clock overtime and Defendant's responses. *See also* Defendant's Status Report at 5 ("The overwhelming majority of the deposition related to the issues that are covered on the recording – Defendant's operations, Plaintiff's employment, and Plaintiff's assignment at Cisco.").

Additionally, the Court GRANTS Defendant's request that Plaintiff pay defense counsel's fees and costs for preparation and defense of Messrs. Randazzo and Hughes for the stricken depositions. Defendant's counsel, Michael S. Kun, declared that he spent in excess of 14.0 hours preparing for and defending the depositions of Hughes and Randazzo, at a billing rate of $517.50, for a total of $7,245.00. *See* Declaration of Defendant's Counsel Michael S. Kun, ECF No. 51-1, ¶ 20. Kun also declared that he spent $350 in travel costs. *Id.* The Court DENIES Defendant's request that Plaintiff pay all costs and fees associated with the instant motion. Rather, Plaintiff must pay the costs of the 3 hours Kun spent preparing the Reply to the Sanctions Motion. Based on Kun's billing rate of $517.50, this totals $1,552.50. *See id.* At the July 25 hearing, Plaintiff did not object to these amounts, which total $9,147.50. Accordingly, by August 23, 2013, Plaintiff shall deliver to Michael S. Kun a check made payable to TEKsystems, Inc., for the total amount of $9,147.50.

The Court DENIES Defendant's request to entirely exclude the disputed recording. Rather, its use will be limited to impeachment purposes only. Plaintiff has represented that was the only purpose for which he intended to use it, and Defendant indicated that it was prepared to stipulate to the Court's tentative ruling.[2]

### 5.     Plaintiff's Privilege Log

In the Stay Order, the Court expressed concern that in response to document requests

---

[2] Because Plaintiff has represented that he seeks to use the disputed recording for impeachment purposes only, the Court need not decide whether the recording must be excluded under Penal Code § 632(d). Even if the recording were inadmissible because it contravened § 632, "testimony as to the content of a recorded conversation is admissible, to the extent that the witness or deponent 'enjoys an untainted recall,'" and the recording itself would be admissible, as necessary, to impeach Defendant's witnesses testimony. *See Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 667 (9th Cir. 2003) (citing *Frio v. Superior Court of Los Angeles*, 203 Cal. App. 3d 1480, 1493 (1988)).

seeking recordings Plaintiff made of conversations with Defendant's employees, Plaintiff responded that he "has been unable to locate any non-privileged documents." *See* Stay Order at 6. Accordingly, the Court ordered Plaintiff to produce an updated and complete privilege log to Defendant by July 10, 2013. *Id.* Plaintiff has failed to produce such a privilege log. Plaintiff represents that he has not provided an updated privilege log because no privileged documents are being withheld. *See* Plaintiff's Status Report at 4-5 ("Plaintiff could not have provided a privilege log because there was nothing to log."). At the July 25, 2013 hearing, Plaintiff's counsel provided inconsistent statements. For example, Plaintiff's counsel initially stated that he had never provided a privilege log because he had never withheld documents on the basis of privilege. However, when Defendant pointed to Plaintiff's privilege log, (Second Supplemental Decl. of Michael S. Kun in Support of Defendant's Supplemental Sanctions Brief, Ex. 31), Plaintiff's counsel clarified that he had in fact withheld e-mails between himself and his client before the lawsuit was filed. As an officer of the Court, Plaintiff's counsel represented at the hearing that there are no other privileged documents. The Court accepts this representation and declines to issue any sanctions based on Plaintiff's failure to produce an updated privilege log.

### 6. Discovery and Case Schedule

The previously stayed discovery may now proceed. As ordered at the July 25, 2013 hearing, by August 1, 2013, Plaintiff shall produce verified supplemental interrogatory responses to Interrogatory Nos. 1, 4, 5, 6, 19, and 21. The response to Interrogatory No. 19 shall specifically address the time of day that Plaintiff recorded the conversation, a summary of the substance and contents of the conversation, whether Plaintiff concealed the recording device, and the date he provided the recording to his attorney. The response to Interrogatory No. 21 shall specifically address the date and time of Plaintiff's communications with Tushar Popat, the location of these communications, and a summary of the substance and contents of the communications. Plaintiff shall supplement his document production by August 1, 2013.

Any further discovery disputes shall be brought before Magistrate Judge Howard Lloyd. The case schedule remains as set in the Case Management Order of January 9, 2013. ECF No. 12.

**IT IS SO ORDERED.**

Dated: July 25, 2013

_____
LUCY H. KOH
United States District Judge

8
Case No.: 12-CV-05347-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SANCTIONS